JAMES M. HARRIS v. STATE.

No. A-6369. Opinion Filed Oct. 26, 1928.
(271 Pac. 263.)

N. E. McNeill and Harry E. Stege, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Tulsa county on a charge of practicing medicine without a license, and was fined $500.

The prosecution is under the Medical Practice Act (chapter 59, Session Laws 1923). The information charges that defendant, without having a license or certificate to practice medicine and surgery, did treat and prescribe as physician and surgeon to Velma Weidman, and for compensation, certain drugs for an alleged tumor.

The record discloses that at the time charged Velma Weidman and her husband went to the residence of defendant, and the husband informed defendant that his wife was in bad health and he wanted her examined; that defendant took them into another room, placed Mrs. Weidman in a chair, tested her pulse, and proceeded to give a diagnosis of her trouble, going somewhat into details in defining her symptoms and ailment, and then informed her that she had a tumor and was on the verge of "T. B." He then told them that he had an "oil of radium" to cure her, that his medicine ran from $500 to $1,000, and that two bottles of the "oil of radium," one for internal and one for external use, would be $125. Defendant then took out of the cupboard two bottles of brown liquid and told them if she would take it according to directions, one-half a teaspoonful each morning and night for a week and a reduced dose after that, and used the other bottle to rub on, it would cure her tumor. The husband then paid him $125 and received the preparation. The defendant did not take the stand and offered no testimony.

It is urged at some length that the Medical Practice Act is in violation of section 57, art. 5, of the state

Constitution. This is no longer an open question in this state. In the case of Reeves v. State, 36 Okla. Cr. 186, 253 P. 510, this contention was considered at length, and it is there held that the act in question is a valid exercise of the police power and not in violation of any provision of the state Constitution.

In enacting this law, the Legislature evidently intended to prevent persons not properly educated. in the science of medicine and not properly licensed from acting or assuming to act as a physician or surgeon and to protect the public from quacks, humbugs, and charlatans who so often prey upon the public, pretending to have marvelous remedies or pretending to cure incurable diseases.

By cross-examination defendant sought to show that the charge of $125 was for the preparation of "oil of radium" only; that defendant made no charge for any advice or examination. He argues that it is no violation of law for any person to sell medicine in his home, and that the evidence does not sustain the charge. This contention cannot be sustained. It is evident that the physical examination, the pretended diagnosis, and the imposing on the credulity of the patient by the sale of a worthless preparation for $125 constitutes but a single transaction, and while it is probably true that at the time defendant informed his patient he was charging the $125 for the two bottles of drugs and not for the examination and diagnosis, this does not alter the situation. The entire transaction is a practice of medicine within the definition of the Medical Practice Act. The fact that defendant informed his patient at the time that this charge was for the pretended medicine is plainly but a subterfuge to avoid the provisions of the law.

It is also argued that there is error in instruction No. 6 of the court's charge. This instruction is general,

and in substance advises the jury that if they find beyond a reasonable doubt that on the date charged defendant did practice medicine without having a license for such purposes they should find him guilty, and, if they entertained a reasonable doubt, they should acquit. This instruction, it is contended, does not contain the elements of the offense charged, and permits the jury to find defendant guilty without finding that he prescribed for a patient for a fee or compensation. This instruction standing alone might be subject to the objection made, but it must be considered and construed with all the other instructions. In other instructions the jury are advised what constitutes a practice of medicine as defined by statute, which construed with instruction No. 6, in the absence of any request for any additional instruction, is sufficiently definite.

The record discloses no error substantially prejudicial to the rights of the defendant.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.